# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRIC OF MAINE

In re:                                    )
                                          )
**DJM ENTERPRISES, LLC,**                 )        **Case No.  15-20029**
                                          )        **Chapter  11**
                    **Debtor**            )

ORDER CONFIRMING DEBTORS'
MODIFIED FOURTH AMENDED PLAN OF REORGANIZATION DATED
NOVEMBER 28, 2017.

The Debtors' Fourth Amended Plan of Reorganization Dated November 28,

2017, (DE #201) ("Amended Plan") was transmitted to all known creditors and other

interested parties.  A copy of the Amended Plan is attached hereto as Exhibit A.

Pursuant to the Notice of Hearing on the Amended Plan, objections were to be filed

on or before April 16, 2018.  The only objection filed was by Bangor Savings Bank

("BSB").  The BSB objection was subsequently resolved by agreement and its

objection withdrawn. The amended Plan was Modified on September 21, 2018, for the

sole purpose of substituting Mark Hebert and Cynthia Hackett-Hebert as the Class 8

claimants for that of the claim of BSB.  The Modification made no other

modifications to the amended Plan.  The Modification is attached hereto as Exhibit B.

The Amended Plan as modified by the attached Exhibit B is hereinafter referred to as

the "Plan".

Late objections to the Plan was filed by HSBC Bank USA on July 30, 2018.

(DE #253) and again on October 2, 2018 (De #264)

After such notice and opportunity for hearing as was required by the United

States Bankruptcy Code, 11 U.S.C. § 1101-1330 (the "Code"), the Federal Rules of

Bankruptcy Procedure, and this Court's local rules; this Court convened a hearing on

the Plan and November 6, 2018, to consider the Plan and the Debtors' request for

confirmation of the Plan (the "Hearing"); this Court hereby finds that the objections

filed by HSBC are untimely and moot, and are therefore overruled.

The Court further finds that there is an accepting class and all other classes are deemed to have voted to ACCEPT the Plan by a majority in number and more than two thirds in amount of the total claims pool in this case; and based on the (i) Report on Balloting, (ii) the uncontroverted proffers made by the Debtor at the Hearings; (iii) the testimony of Deborah J. Miles, the Debtor's manager in support of confirmation and (iv) this Court's independent review of the Plan, the Court therefore finds that good adequate and sufficient cause exists to CONFIRM the Plan, and the Court hereby further FINDS, ORDERS, ADJUDGES, and DECREES as follows:

1. The Plan complies with the applicable provisions of the Code;

2. The Plan has been proposed in good faith, and not by any means forbidden by law;

3. Code section 1129 (a)(1) is satisfied in this case because the Plan complies with the applicable provisions of Title 11;

4. Code section 1129 (a)(2) is satisfied in this case because the proponent of the Plan has complied with the applicable provisions of Title 11;

5. Code section 1129 (a)(3) is satisfied in this case because the Plan has been proposed in good faith and not by any means forbidden by law;

6. Code section 1129 (a)(4) is satisfied in this case insofar as the payment of professional fees is subject to court approval;

7. Code section 1129 (a)(5) is satisfied in this case because the only insider is (i) Deborah J. Miles, and her status has been disclosed in the Disclosure Statement;

8. Code section 1129 (a)(6) pertaining to regulatory rates is not applicable to this case;

9. Code section 1129 (a)(7) is satisfied in this case because the. Plan satisfies the Chapter 7 liquidation test;

10. Code section 1129 (a)(8) is satisfied in this case because each class has either accepted the plan or, :under Code Section 1129 (b)(1) with respect to each secured claim, each holder of a secured claim is retaining the liens securing such claim and each holder of such secured claim will receive on account of such claim deferred cash

payments totaling at least the allowed amount of such claim, of a value as of the effective date of the Plan , of at least the value of such holder's interest in such property ;

11.     Code section 1129 (a)(9) is satisfied in this case because the only administrative or priority claims in this case are those of Debtors' counsel, who has agreed to take payments over time;

12.     Code section 1129 (a)(10) is satisfied because at least one impaired non-insider class has accepted the Plan, as set forth in the Report of Balloting or the claimant in a class did not vote and therefore was deemed to have accepted the Plan.  See also in re Ruti-Sweetwater, Inc., 836 F.2d 1263, 1267 (10th Cir. 1988) (nonvoting, nonobjecting judgment lien creditor who was only member of class was deemed to have accepted plan of reorganization); In re Fili, 257 B.R. 370, 373 (1st Cir. BAP 2001) (Haines, J.) (citing Ruti-Sweetwater in discussing res judicata effect of Chapter 13 plan); and In re Adelphia Communications Corp., 368 B.R. 140, 260-63 (S.D.N.Y. 2007), aff'd 544 F.3d 420 (2d. Cir. 2008) (discussing Ruti-Sweetwater and approving presumption that non-voting, non-objecting creditors are deemed to have accepted Chapter 11 plan);

13.     Code section 1129 (a)(11) is satisfied in this case because the Debtor has demonstrated in the Disclosure Statement and Plan and Exhibits to the Disclosure Statement that confirmation is not likely to be followed by the need for further reorganization;

14.     Code section 1129 (a)(12) is satisfied in this case because the Plan provides for payment of quarterly U.S. Trustee fees while this case is open;

15.     Code section 1129 (a)(13) pertaining to retiree benefit payments is not applicable to this case;

16.     Code section 1129 (a)(14) pertaining to domestic support obligations is not applicable to this case;

17.     Code section 1129 (a)(15) is not applicable to this case or implicated because the debtor is not an individual;

18.     Code section (a)(16) is not applicable to this case because the Plan does not provide for transfers of property by a corporation or trust;

19.     As set forth in the preceding paragraphs, the Court therefore finds that all applicable requirements of section 1129(a) of the Code have been complied with, except section 1129(a)(8), such that the requirements of Code section 1129(b) have been met;

20.    Code section 1129(b) has been met because, the Court finds that it is satisfied in this case insofar as each class of impaired creditors will receive more than those creditors would receive in a Chapter 7 liquidation pursuant to 11 U.S.C. § 1129(0(7); the Plan does not discriminate unfairly, and it is fair and equitable with respect to any impaired class pursuant to 11 U.S.C. § 1129(b)(1) and (b)(2)(B)(ii); the absolute priority rule set forth in 11 U.S.C. § 1129(b)(2)(B)(ii) has been met because all classes senior to the claims of the equity security holder have accepted the Plan or are deemed to have accepted the Plan; and the Debtor has made sufficient proffers under 11 U.S.C. § 1129(b)(2) for the Plan to be confirmable under that section of the Code.

It is therefore hereby FURTHER ORDERED, ADJUDGED AND DECREED as

follows:

A.    The Plan shall be, and hereby is, CONFIRMED;

B.    All capitalized terms not otherwise defined in this Confirmation Order shall

have the meanings ascribed to such terms in the Plan;

C.    The Debtor is hereby authorized to make all payments provided for under the

Plan, and take all other and further steps that may be necessary to effectuate the Plan, including,

without limitation, the execution and delivery of any and all documents, notes, instruments,

certificates, or other agreements necessary to implement the Plan;

D.    The Debtor is hereby further authorized to take such other and further actions

as may be necessary to fulfill its obligations under the Plan, as clarified, modified, or

amended by this Order;

E.    Pursuant to 11 USC Section 1141(a), the provisions of the plan bind the debtor, any

entity issuing securities under the plan, any entity acquiring property under the plan, and any

creditor, equity security holder, or general partner in the debtor, whether or not the claim or

interest of such creditor, equity security holder, or general partner is impaired under the plan and

whether or not such creditor, equity security holder, or general partner has accepted the plan.

F.    Pursuant to 11 USC Section 1141(b) except as otherwise provided in the Plan or this

order  all of the property of the estate vests in the debtor.

G.     Pursuant to 11 USC Section 1141( c ) except as otherwise provided in the Plan or in this  order, the property dealt with by the Plan is free and clear of all claims and interests of creditors, equity security holders, and of general partners in the debtor.

H.     Pursuant to 11 USC Section 1141(d), except as otherwise provided, in the Plan, or this order the Debtor is discharged from any debt that arose before the date of this order, and any debt of a kind specified in section 502(g), 502(h), or 502(i) of this title, whether or not—

a. proof of the claim based on such debt is filed or deemed filed under section 501 of this title;

b.   such claim is allowed under section 502 of this title; or

c.   the holder of such claim has accepted the plan;

I.     Upon entry of this Confirmation Order the terms of the Plan will bind the Debtor and the holders of all claims against the Debtor, whether or not those claim holders filed a proof of claim or voted in favor of the Plan.  The Court retains jurisdiction to resolve any disputes which arise with respect to the terms of the Plan and the compliance of all parties therewith

J.  Upon substantial consummation of the Plan, the Plan Proponents shall file with the Court a final account in accordance with. District of Maine Local Bankruptcy Rule 3022-1, accompanied by a proposed al decree making provisions by way of injunction and closing the case.

K.  To the maximum extent permitted by applicable law, the Bankruptcy Court shall retain jurisdiction over the Case after the Confirmation Date for the following

purposes: (i) to consider and approve any amendment, modification or correction of the

Plan, subject to the restrictions set forth in Bankruptcy Code Section 1127 and any

modification of the Confirmation Order; (ii) to hear and determine all Fee

Claims and all objections filed by the Debtor with respect to Claims other than Fee

Claims; (iii) to hear and determine all adversary proceedings, contested matters, or

other actions commenced in the Bankruptcy Court by the Debtor against any party

and pertaining to any matter, including, without limitation, proceedings for recovery

of assets or avoidance of obligations or liens under Sections 544, 545, 546, 547, 548,

549, 550, and 553 of the Bankruptcy Code, proceedings relating to the assumption or

rejection of Executory Contracts and Unexpired Leases, and proceedings relating to

the enforcement by any creditor of any remedy against the Debtor; (iv) to hear and

determine any disputes arising under the Plan, its implementation and the execution of

any necessary documents thereunder; (v) to grant extensions of any deadlines set forth

in the Confirmation Order as may be appropriate; (vi) to enforce all injunctions and

stays granted under this Plan or the Bankruptcy Code, and to enforce the discharge

provisions of the Bankruptcy Code and the Plan; and (vii) to make such Orders as are

necessary and appropriate to carry out and implement the provisions of the Plan;

L.  The terms and conditions of the Plan, including without limitation any and all

provisions DISALLOWING any liens, claims, interests, and encumbrances,

shall be and hereby are INCORPORATED BY REFERENCE into this Order

as if set forth in full herein, and all such liens, claims, interests and

encumbrances shall be and hereby are DISALLOWED to the full extent

provided for in the Plan; and

Pursuant to Rule 3020(e) of the Federal Rules of Bankruptcy Procedure, the Court

orders that this Order shall not be stayed and shall be effective upon entry of the

Order.

Dated: November 28, 2018

/s/ Peter G. Cary

Peter G. Cary
United States Bankruptcy Judge
District of Maine

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRIC OF MAINE

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **DJM ENTERPRISES, LLC,** | ) | **Case No.  15-20029** |
| | ) | **Chapter  11** |
| **Debtor** | ) | |

# FOURTH AMENDED PLAN OF REORGANIZATION

## ARTICLE I
## <u>SUMMARY</u>

On January 22, 2015, the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. Since that time the Debtor has continued to operate its business as a Debtor-in-possession pursuant to Section 1107 of the Bankruptcy Code.

This Plan of Reorganization (the "Plan") under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq. (the "Code") proposes to pay creditors of DJM Enterprises, LLC (the "Debtor") from current and future income.

Thirty (30) days after the Effective Date of the Plan, the Debtor will make monthly distributions toward other obligations of the plan, including priority taxes and unsecured creditors. These distributions will be calculated on the basis of the "Proposed Budget for Chapter 11 Plan" as provided in Debtor's Disclosure Statement that accompanies this Plan:

Upon the Initial Monthly Distribution and each subsequent Monthly Distribution, Debtor shall transmit a disbursement report to the U.S. Trustee's Office in addition to any other reports currently required.

1

All creditors and equity security holders should refer to Articles III through VII of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. The Debtor believes that the Plan provides for fair and equitable treatment of all claims and that the Plan is in the best interests of all creditors, and parties in interest.

**NOTICE: CREDITORS RIGHTS MAY BE AFFECTED. CREDITORS SHOULD READ THESE PAPERS CAREFULLY AND DISCUSS THEM WITH AN ATTORNEY.**

## ARTICLE II
### DEFINITIONS

<u>Definitions and Rules of Construction</u> The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions. Unless the context otherwise requires, the following terms shall have the following meanings when used in initially capitalized form in this Plan. Such meanings shall be equally applicable to both the singular and plural forms of such terms. Any term used in initially capitalized form in the Plan that is not defined herein but that is defined in the Bankruptcy Code shall have the meaning ascribed to such term in the Bankruptcy Code.

2.1    <u>Administrative Claim</u> shall mean a claim allowable under Section 503 (b) of the Bankruptcy Code with respect to the Debtor, including charges against the Debtor's estates under 28 U.S.C. § 1930 and Fee Claims.

2.2    <u>Allowed</u> with respect to a Claim or Interest, shall mean any Claim or Interest (a) that is the subject of a timely filed proof of claim; or (b) any Claim or Interest that has been listed in the schedules filed with the Bankruptcy Court by the Debtor pursuant to Bankruptcy

2

Code Section 521 and is not listed therein as disputed, unliquidated or contingent, and, in each such case as to which either (i) no objection to the allowance thereof or other similar pleading has been filed within the applicable time period set forth in Article IX of the Plan, or (ii) an objection or other similar pleading has been filed and the Claim or Interest has been allowed by a Final Order but only to the extent so allowed; or (c) with respect to a Fee Claim incurred prior to the Confirmation Date, a claim that has been allowed by a Final Order of the Bankruptcy Court.

2.3    Allowed Amount shall mean the amount of any Allowed Claim or Allowed Interest.

2.4    Bankruptcy Code shall mean 11 U.S.C. § 101 *et seq.,* as in effect with respect to the Cases on the date of filing of this Plan. All Code references herein are to the Bankruptcy Code, unless otherwise stated.

2.5    Bankruptcy Court shall mean the United States Bankruptcy Court for the District of Maine, or any other court with jurisdiction over the Cases.

2.6    Bar Date shall mean, as to Claims held by persons or entities other than Governmental Units, June 1, 2015, and as to Claims held by Governmental Units, July 21, 2015.

2.7    Case shall mean the Chapter 11 case entitled In re DJM ENTERPRISES, LLC, Case No. 15-20029 which is pending in the Bankruptcy Court.

2.8    Cash shall mean payment, including by check, issued by or on behalf of the Debtor with respect to any payment required to be paid pursuant to the Plan.

2.9    Claim shall mean a claim, as defined in Bankruptcy Code Section 101(5), against the

3

Debtor.

2.10    Confirmation Date shall mean the date on which the Confirmation Order is entered on the

docket of the Bankruptcy Court.

2.11    Confirmation Order shall mean the Order (which need not be a Final Order) confirming

the Plan pursuant to Bankruptcy Code Section 1129.

2.12    Effective Date shall mean the date determined in accordance with Article IX of the Plan.

2.13    Encumbrances shall mean all liens, encumbrances, mortgages, hypothecations, pledges,

and security interests of any kind whatsoever.

2.14    Executory Contract shall mean an executory contract within the meaning of 11 U.S.C. §

365.

2.15    Fee Claim shall mean the Administrative Claim of a professional person for

compensation and/or reimbursement of expenses, and shall include Counsel Fees (as

defined in Section I above).

2.16    Final Order shall mean an order or judgment of any court, administrative agency or other

tribunal as entered on its docket as to which (a) the time to appeal or petition for

rehearing or certiorari has expired and as to which no appeal or motion for rehearing or

petition for certiorari has been timely filed or taken, (b) if Such an appeal or motion for

rehearing or petition for certiorari has been timely filed Or taken, such order or judgment has

been affirmed by the highest tribunal in which review was sought or such appeal, motion

for rehearing or petition for certiorari was dismissed or otherwise terminated without

modification of such order or judgment, and the time has expired within which any further

4

proceeding for review may be commenced.

2.17    Order shall mean an order of the Bankruptcy Court.

2.18    Petition Date shall mean January 22, 2015.

2.19    Plan shall mean this Plan of Reorganization, as it may be amended or modified by the
Debtor from time to time, together with all exhibits, schedules and other attachments
hereto, as the same may be amended or modified by the Debtor from time to time, all of
which are incorporated herein by reference.

2.20    Priority Claim shall mean an Unsecured Claim arising before the Petition Date and
entitled to priority Under Section 507(a)(2) through 507(a)(9) of the Bankruptcy Code.

2.21    Post-petition Bar Date shall mean the date that is sixty (60) days following the
Confirmation Date.

2.22    Secured Claim shall mean a claim that is secured by a perfected (or similarly binding)
Encumbrance on the assets of the Debtor, to the extent provided in 11 U.S.C. § 506.

2.23    Unexpired Lease shall mean a lease that has not expired or terminated within the meaning
11 U.S.C. § 365.

2.24    Unsecured Claim shall mean a Claim which arose before the Petition Date and which is
not secured by any interest in any asset in the Debtor's estate, and shall include a Claim which
arises from the rejection of an Executory Contract or Unexpired Lease, within the meaning of
Section 365 of the Bankruptcy Code.

# ARTICLE III

## CLASSIFICATION OF CLAIMS AND INTERESTS

*Class 1 -  The claim of HSBC Secured by Real Estate located at 220 Elm St., Biddeford, ME*

*Class 2  - The claim of OCWEN Secured by Real Estate located at 210 Elm St., Biddeford, ME*

*Class 3  - The claim of GMAC Secured by Real Estate located at 72 High St., Sanford, ME*

*Class 4 -   The claim of Monarch Enterprises Secured by Real Estate located at 777 Main St.., Sanford, ME*

*Class 5 -   The claim of Deutsch Bank Secured by Real Estate located at 45 West Road., Waterboro, ME*

*Class 6 -   The claim of Deutsch Bank Secured by Real Estate located at 50 High St. Sanford, ME*

*Class 7 -   The claim of Deutsch Bank Secured by Real Estate located at 206-208 Elm St., Biddeford, ME*

*Class 8 -   The claim of Bangor Savings Bank Secured by Real Estate located at 22 Peppercorn Lane Waterboro and 196 Elm St., Biddeford, ME*

*Class 9 – The claims of the Municipalities for unpaid real estate taxes, sewer and water*

*Class 10 – The Class of creditors holding unsecured claims, including the undersecured portions of secured claims subject to valuation.*

*Class 11 The interests of equity security holders*

## ARTICLE IV
## TREATMENT OF ADMINISTATIVE EXPENSE CLAIMS,
## U.S. TRUSTEE'S FEES, AND PRIORITY TAX CLAIMS

<u>Unclassified Claims.</u> Under Code section 1123(a)(1), administrative expense claims and

priority tax claims are not in classes.

6

<u>Administrative Expense Claims.</u> Each holder of an administrative expense claim allowed under §

503 of the Code will be paid in full on the Effective Date of this Plan (as defined in Article

VII), in cash or upon such other terms as may be agreed by the holder of the claim and the

Debtor. Counsel to the Debtor shall be paid Counsel Fees as an administrative

expense claim, subject to Court order(s) approving such fees, as specified in Article I above.


<u>Priority Claims.</u> Except as otherwise agreed by the Debtor and the holder of an Allowed

Priority Claim, the holder of an Allowed Priority Claim, except for a claim entitled to

priority pursuant to 11 U.S.C. § 507(a)(8), shall be paid in full upon the later of the

effective Date and the date which is fifteen (15) days after the date upon which such

priority Claim becomes an Allowed Priority Claim.

<u>Priority Tax Claims.</u> Each holder of a Priority Tax Claim will be paid in full in monthly

installments beginning ninety (90) days following the confirmation of the Plan Date.


<u>United States Trustee Fees.</u> All fees required to be paid by 28 U.S.C. § 1930(a)(6) (U.S. Trustee

Fees) will accrue and be timely paid until the case is closed, dismissed or converted to

another chapter of the Code. Any U.S. Trustee Fees owed on or before the Effective Date of

this Plan will be paid on the Effective Date.


**ARTICLE V**
**TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN**

*Class 1 -  The claim of HSBC Secured by Real Estate located at 220 Elm St., Biddeford, ME*


The claim shall be allowed in the amount of its appraised value of $275,000.00.
The Allowed Amount shall be amortized over 30 years at 4.0% interest per annum
payable monthly commencing on the effective date of the plan.  The resulting
payment is $1,312.00 per month.  Claimant shall retain its mortgage lien against
the real estate until its allowed claim is satisfied.


Debtor shall maintain real property taxes and real property hazard insurance paid current for the

7

Subject Property, and provided proof of said insurance to Creditor on a timely basis until such the time as the Creditor's secured claim is paid in full. In the event Debtors fail to make the referenced tax or insurance payments, Debtors shall be liable for and tender all necessary escrow payments for any and all real property taxes and/or real property insurance advances made or to be made by Creditor.

This class is impaired.

*Class 2  - The claim of OCWEN Secured by Real Estate located at 210 Elm St., Biddeford, ME*

The claim shall be allowed in the amount of its appraised value of $119,000.00. The Allowed Amount shall be amortized over 30 years at 4.0% interest per annum payable monthly commencing on the effective date of the plan.  The resulting payment is $568.12 per month.  Claimant shall retain its mortgage lien against the real estate until its allowed claim is satisfied.

Debtor shall maintain real property taxes and real property hazard insurance paid current for the Subject Property, and provided proof of said insurance to Creditor on a timely basis until such the time as the Creditor's secured claim is paid in full. In the event Debtors fail to make the referenced tax or insurance payments, Debtors shall be liable for and tender all necessary escrow payments for any and all real property taxes and/or real property insurance advances made or to be made by Creditor.

This class is impaired.

*Class 3  - The claim of GMAC Secured by Real Estate located at 72 High St., Sanford, ME*

The claim shall be allowed in the amount of its appraised value of $140,000.00. The Allowed Amount plus an additional $5,291.67 for real estate taxes and insurance advanced by claimant, shall be amortized over 30 years at 4.0% interest per annum payable monthly commencing on the effective date of the plan.  The resulting payment is $693.64 per month.  Claimant shall retain its mortgage lien against the real estate until its allowed claim is satisfied.

Debtor shall maintain real property taxes and real property hazard insurance paid current for the Subject Property, and provided proof of said insurance to Creditor on a timely basis until such the time as the Creditor's secured claim is paid in full. In the event Debtors fail to make the referenced tax or insurance payments, Debtors shall be liable for and tender all necessary escrow payments for

8

any and all real property taxes and/or real property insurance advances made or to be made by Creditor.

This class is impaired.

.

### Class 4 -   The claim of Monarch Enterprises Secured by Real Estate located at 777 Main St.., Sanford, ME

The claim shall be allowed in the amount of its appraised value of $99,000.00. The Allowed Amount shall be amortized over 30 years at 4.0% interest per annum payable monthly commencing on the effective date of the plan.  The resulting payment is $472.64 per month.  Claimant shall retain its mortgage lien against the real estate until its allowed claim is satisfied.

Debtor shall maintain real property taxes and real property hazard insurance paid current for the Subject Property, and provided proof of said insurance to Creditor on a timely basis until such the time as the Creditor's secured claim is paid in full. In the event Debtors fail to make the referenced tax or insurance payments, Debtors shall be liable for and tender all necessary escrow payments for any and all real property taxes and/or real property insurance advances made or to be made by Creditor.

This class is impaired.

### Class 5 -   The claim of Deutsch Bank Secured by Real Estate located at 45 West Road., Waterboro, ME

The claim shall be allowed in the amount of its appraised value of $79,000.00. The Allowed Amount shall be amortized over 30 years at 4.0% interest per annum payable monthly commencing on the effective date of the plan.  The resulting payment is $377.16 per month.  Claimant shall retain its mortgage lien against the real estate until its allowed claim is satisfied.

Debtor shall maintain real property taxes and real property hazard insurance paid current for the Subject Property, and provided proof of said insurance to Creditor on a timely basis until such the time as the Creditor's secured claim is paid in full. In the event Debtors fail to make the referenced tax or insurance payments, Debtors shall be liable for and tender all necessary escrow payments for any and all real property taxes and/or real property insurance advances made or to be made by Creditor.

This class is impaired.

*Class 6 -   The claim of Deutsch Bank Secured by Real Estate located at 50 High St. Sanford,*
*ME*

The claim shall be allowed in the amount of its appraised value of $139,000.00. The Allowed Amount shall be amortized over 30 years at 4.0% interest per annum payable monthly commencing on the effective date of the plan.  The resulting payment is $663.61 per month.  Claimant shall retain its mortgage lien against the real estate until its allowed claim is satisfied.

Debtor shall maintain real property taxes and real property hazard insurance paid current for the Subject Property, and provided proof of said insurance to Creditor on a timely basis until such the time as the Creditor's secured claim is paid in full. In the event Debtors fail to make the referenced tax or insurance payments, Debtors shall be liable for and tender all necessary escrow payments for any and all real property taxes and/or real property insurance advances made or to be made by Creditor.

This class is impaired.

*Class 7 -   The claim of Deutsch Bank Secured by Real Estate located at 206-208 Elm St.,*
*Biddeford, ME*

The claim shall be allowed in the amount of its appraised value of $159,000.00. The Allowed Amount shall be amortized over 30 years at 4.0% interest per annum payable monthly commencing on the effective date of the plan.  The resulting payment is $759.09   per month.  Claimant shall retain its mortgage lien against the real estate until its allowed claim is satisfied.

Debtor shall maintain real property taxes and real property hazard insurance paid current for the Subject Property, and provided proof of said insurance to Creditor on a timely basis until such the time as the Creditor's secured claim is paid in full. In the event Debtors fail to make the referenced tax or insurance payments, Debtors shall be liable for and tender all necessary escrow payments for any and all real property taxes and/or real property insurance advances made or to be made by Creditor.

This class is impaired.

*Class 8 -   The claim of Bangor Savings Bank Secured by Real Estate located at 22 Peppercorn*
*Lane Waterboro and 196 Elm St., Biddeford, ME*

Bangor asserts that it is owed $307,521.79 as of November 30, 2017.  Of this amount, Bangor Savings asserts that $51,097.20 is owed on the Waterboro property and $256,521.79 on the Biddeford property. Debtor contests those amounts and will be seeking a disallowance of at least a portion of the claims. The amount actually owed shall be determined and allowed by the Court.  The

10

allowed amount as determined by the Court shall be referred to as the Allowed Claim(s). The claims as asserted by Bangor Savings shall be provisionally allowed for voting purposes and confirmation, unless and until such claims are determined and allowed as Allowed Claims. Upon allowance, the monthly payments shall be adjusted to reflect the principal balance allowed by the Court amortized over the term and at the interest rates set out in the treatments set forth below.

Until the Allowed Claim is determined, the Allowed Amount on the Biddeford property shall be calculated by deducting the $6,000.00 "fuel escrow" it is holding from the principal balance leaving an amount due of $250,521.79 which will be amortized over 13 years at 5.150% interest per annum payable monthly commencing on the effective date of the plan.  The resulting payment is $2,206.35 per month.  The interest rate shall be adjusted on the first day of the 96th month to reflect a new interest rate determined by adding 1.0% to the Prime Interest rate as published in the Wall Street Journal on the last day of month 95 of the amortization schedule.  Claimant shall retain its mortgage lien against the real estate until its allowed claim is satisfied

Until the Allowed Claim is determined, the Allowed Amount on the Waterboro property shall be $51,097.20 which shall amortized over 13 years at 5.150% interest per annum payable monthly commencing on the effective date of the plan. The resulting payment is $450.01 per month.  The interest rate shall be adjusted on the first day of the 96th month to reflect a new interest rate determined by adding 1.0% to the Prime Interest rate as published in the Wall Street Journal on the last day of month 95 of the amortization schedule.  Claimant shall retain its mortgage lien against the real estate until its allowed claim is satisfied

Debtor shall maintain real property taxes and real property hazard insurance paid current for the Subject Property, and provided proof of said insurance to Creditor on a timely basis until such the time as the Creditor's secured claim is paid in full. In the event Debtors fail to make the referenced tax or insurance payments, Debtors shall be liable for and tender all necessary escrow payments for any and all real property taxes and/or real property insurance advances made or to be made by Creditor.

This class is impaired

*Class 9 – The claims of the Municipalities for unpaid real estate taxes, sewer and water*

The claims of municipalities for unpaid prepetition real estate taxes, sewer and water total $8,906.98.  These claims shall be paid pro rata over thirty-six (36) months at 4.0% interest per annum payable monthly commencing on the effective date of the plan.  The resulting payment is $262.97 per month, which shall be divided pro rata among the claimants.

This class is impaired.

11

Class 10 – The Class of creditors holding unsecured claims, including the undersecured portions of secured claims subject to valuation.

All unsecured claims allowed under § 502 of the Code. Class 3 shall consist of all Allowed Unsecured Claims, but this Class shall not include (a) Claims included in another class; or (b) unclassified claims whose treatment is specified in Article IV of the Plan.  No payments since there are no claimants within this class.

Class 11 The interests of equity security holders

The interests of the members of the Debtor LLC shall be retained but be subordinate to all classes of administrative, secured and unsecured claims.

# ARTICLE VI
# ALLOWANCE AND DISALLOWANCE OF CLAIMS

6.0     Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed, and as to which either: (a) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (b) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

6.1     Delay in Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is an Allowed Claim.

6.2     Settlement of Disputed Claims. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

6.3     Claims Subject to Allowance. Notwithstanding any other provision of the Plan, no distribution shall be made on account of any Claim until such Claim is allowed.

6.4     Prepetition Claim and Amendments. Each Claim as to which a proof of claim was required to be filed, on or before the Bar Date and as to which a proof of claim was not filed on or before the Bar Date shall not under any circumstances become an Allowed

12

Claim.

6.5     <u>Objections to Prepetition Claims and Interests.</u> Claims and Interests that arose prior to the

Petition Date, and which have not been scheduled by the Debtor as contingent,

unliquidated or disputed, or as to which a valid proof of claim or interest has been filed

on or before the Bar Date, shall be allowed in full, unless an objection to such Claim or

Interest is filed on or before ninety (90) days after the Confirmation Date or such other

date as is provided by Order of the Bankruptcy Court upon motion of the Debtor. Claims

that have been objected to and not allowed shall have no right to vote with respect to the

acceptance or rejection of this Plan, except as otherwise ordered by the Court.

6.6     <u>Bar Date and Objections With Respect to Post-Petition Claims.</u> Any Claim entitled to

priority under Bankruptcy Code Section 507(a)(1) arising before the Confirmation Date

and still outstanding 60 days thereafter shall be forever barred unless it is the subject of a

proof of claim (or, in the case of a Fee Claim, an application compensation) filed with the

Bankruptcy Court on or before the Post-petition Bar Date. Any Claim that is the subject

of such a proof of claim (or application for compensation) shall be Allowed in full unless

an objection thereto is filed within 30 days after the Post-petition Bar Date or such other

date as is provided by Order Upon motion of the Debtor, except that Fee Claims shall be

Allowed only by Order of the Bankruptcy Court.

## ARTICLE VII
## <u>PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES</u>

7.1     <u>Assumed Executory Contracts and Unexpired Leases</u>

(a)     The Debtor will assume all leases. of no-residential real property.  All other leases

are hereby rejected. Assumption means that the Debtor has elected to continue to

perform the obligations under such contracts and unexpired leases, and to cure

defaults of the type that must be cured under the Code, if any.

13

**CONSULT AN ADVISER OR ATTORNEY FOR MORE SPECIFIC INFORMATION ABOUT PARTICULAR CONTRACTS OR LEASES.**

(b)        The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 7.1(a) above, or before the date of the order confirming this Plan, Upon the Confirmation Date, A proof of claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the Confirmation Date.

## ARTICLE VIII
## MEANS FOR EXECUTION OF THE PLAN; MERGER

8.1        The funds necessary for the Debtor to execute and implement the Plan will come from the following sources: (a) rental income before and after the Confirmation Date; (b) proceeds of causes of action and claims which the Debtor may elect to bring for recovery pursuant to state law and/or Sections 506, 544, 547, 548, 549, and 550 of the Bankruptcy Code (but the Debtor are not hereby undertaking any duty or obligation to any party to bring any such action or claim, and no such action or claim is being hereby waived or released by the Debtor); (c) any other funds generated or received by the Debtor and not allocated or paid pursuant to this Plan that may become available and (d) any funds that become available to the Debtor during the course of the Plan in addition to those noted above.

8.2        On the Effective Date, all assets of the Debtor, including, without limitation, all property of the Debtor's estate, and any tangible or intangible property, shall vest in Debtor, free and clear of all Liens and/or Claims of creditors pursuant to 11 U.S.C. § 1141(b) except as set forth in this Plan.

# ARTICLE IX
## GENERAL PROVISIONS

9.1    <u>Effective Date of Plan.</u> The effective date of this Plan is the fifteenth business day following the entry of the order of Confirmation. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

9.2    <u>Severability.</u> If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan**.**

9.3    <u>Captions.</u> The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

9.4    <u>Controlling Effect.</u> Unless a rule of law or procedure is supplied by federal law

(including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Maine govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

9.5    <u>Legally Binding Effect.</u> The provisions of the Plan shall bind all holders of Claims and Interests, whether or not they accept the Plan.

9.6    <u>Delivery of Distributions.</u> Distributions and deliveries to holders of Allowed Claims will be made at the addresses reflected in the proofs of claim filed by the holders of Allowed Claims or, if no proof of claim was filed, at the addresses set forth in the Debtor's Schedules, or at the addresses set forth in any written notices of address changes delivered to the Debtor after the date of any related proof of claim. If any Distribution is returned as undeliverable, no further distributions to the holder will be made unless and until the Debtor is notified of the holder's

15

then current address, at which time all missed distributions will be made to the holder without interest. All claims for undeliverable distributions must be made to the Debtor on or before the twelve (12) month anniversary of the Effective Date. After that date, all unclaimed property will be retained by the Debtor, and the Claim of any holder with respect to such property will be discharged and forever barred.

9.7     <u>Means of Cash Payment</u>**.** Cash payments made pursuant to the Plan will be in United States funds, by the means agreed to by the Debtor and the respective holders of Allowed Claims, including by check or wire transfer or, in the absence of an agreement, such commercially reasonable manner as the Debtor shall reasonably determine.

9.8     <u>Time Bar to Cash Payments.</u> Checks issued by the Debtor in respect of Allowed Claims will be null and void if not cashed within one hundred twenty (120) days of the date of their issuance. Any claim in respect of such a voided check must be made on or before six (6) months after the date of issuance of the check. After that date, all claims in respect of void checks will be discharged and forever barred and the cash, including interest earned thereon, if any, shall be retained by the Debtor.

9.9     <u>De Minimis Distributions.</u> No cash payment of less than Ten Dollars ($10.00) will be made by the Debtor to any creditor unless a request is made in writing to the Debtor to make such a payment.

9.10    <u>Debtor's Causes of Action.</u> On the Confirmation Date, causes of action of Debtor's estate shall belong to the Debtor free and clear of all liens and encumbrances. Confirmation of the Plan and occurrence of the Effective Date thereunder shall not serve to waive, release Or preclude on res judicata or any other ground any claim or cause of action of the Debtor.

9.11    <u>Modification of Confirmed Plan.</u> After the Confirmation Date, the Debtor may modify the Plan under Section 1127 of the Bankruptcy Code and may remedy any defect or

16

omission or reconcile any inconsistency in the Plan or in the Confirmation Order in such manner as may be necessary or appropriate to carry out the purposes and intent of the adversely affected thereby.

9.12    Substantial Consummation. For purposes of Section 1101(2), the Plan shall be deemed to have been substantially consummated when all of the following conditions have been satisfied: (a) the Effective Date has occurred, (b) all payments and conveyances required to be made on or prior to the Effective Date with respect to Claims then or theretofore Allowed have been made, (c) all documents required to be executed and delivered on or prior to the Effective Date with respect to Claims then or theretofore allowed have been executed and delivered, and (d) all the requirements of 11 U.S .C. §. 1101(2) have been satisfied.

9.13    Closing of Case. The Debtor shall file with the Bankruptcy Court a final accounting in accordance with D. Me. LBR 3022-1, accompanied by a proposed final decree making provisions by way of injunction and closing the case.

9.14    Dates. Whenever the Plan requires the Debtor or any other entity to make a distribution or take some other action on a particular date, such action shall be taken on the required date unless parties-in-interest agree otherwise.

9.15    Property of the Debtor. Upon entry of the Confirmation Order, all property of the Debtor's estate shall vest in the Debtor, free and clear of all liens, claims and encumbrances, except to the extent otherwise provided in the Plan.

9.16    Retained Jurisdiction. To the maximum extent permitted by applicable law, the Bankruptcy Court shall retain jurisdiction over the Case after the Confirmation Date for the following purposes:

    (a)    to hear and determine objections to claims;

17

(b)     to hear and determine any disputes arising under the plan, its implementation and execution of any necessary documents thereunder, and any requests to amend, modify, or correct the plan, provided that such matters are brought before the Court prior to the point of substantial consummation as that term is defined by § 1101(2) of the Bankruptcy Code and by the plan itself, and subject, further, to the restrictions set forth in § 1127(b) of the Bankruptcy Code;

(c)     to grant extensions of any deadlines set forth in the confirming order as may be appropriate;

(d)     to enforce all discharge provisions under the plan; and

(e)     to review and rule upon applications for compensation of professional persons. If at the time of the confirmation hearing the plan proponent expects that a broader retention of jurisdiction will be sought, but is not in a position to request a specific enlargement, the Court may conditionally reserve the question of additional retained jurisdiction in the confirming order and shall set a time within which the plan proponent shall file a motion on notice requesting retention of such additional jurisdiction as necessary, to be embodied in a supplementary order.

## ARTICLE X
## INJUNCTION, STAY AND DISCHARGE

10.1    <u>Injunction and Stay.</u> The entry of the Confirmation Order shall constitute an injunction applicable to all persons, staying and enjoining the enforcement or attempted enforcement by any means of all liens, Claims and debts to be discharged pursuant to section 10.02 below. The Injunction and Stay provided for herein shall survive the closing of the case, and shall be deemed incorporated in the final decree closing the case.

10.2    <u>Discharge.</u> Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code. The Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure. Upon issuance of the Discharge, except as expressly provided in the Plan, the Debtor shall, as of the date of such Discharge,

have the full benefit of the discharge provided by Section 1141(d) of the Bankruptcy Code. Without limiting the generality of the foregoing, and except as provided in the Plan, the Debtor shall be permanently released and discharged from all liens, Claims, Encumbrances, and debts that arose before the confirmation Date whether or not any such lien, Claim, Encumbrance, or debt has been scheduled by the Debtor, a proof of claim has been filed or deemed filed, any such Claim is Allowed, or the holder of any such Claim has accepted the Plan.

Respectfully submitted this 28th day of November 2017 by the Plan Proponent, Debtor DJM Enterprises, LLC:

**/s/ Deborah J. Miles**
Deborah J. Miles, Manager

and by Jeffrey P. White, Debtor's Counsel:

**/s/  Jeffrey  P.  White**
Jeffrey P. White. Maine
Bar No. 3804
Counsel for the Debtor
Jeffrey .P. White
243 Mt. Auburn Ave., S.
B-1
Auburn,   ME   04210
(207) 689-2111
jwhite@whitelawoffices.com

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| DJM Enterprises, LLC, | ) | Case No. 15-20029 |
| | ) | Chapter 11 |
| Debtor | ) | |

*****************************

## MODIFICATION OF FOURTH AMENDED CHAPTER 11 PLAN

Pursuant to 11 U.S.C Section 1127 (a) Debtor's Fourth Amended Plan dated November 28, 2017, (De #201) ("Plan") is hereby modified as follows:

**First, Article III of the Plan is modified by deleting the Class 8 classification and substituting the following in its place:**

*Class 8 -   The claim of Mark Hebert and Cynthia Hackett-Hebert. Secured by Real Estate located at 196 Elm St., Biddeford, ME*

**Second, Article V of the Plan is modified by deleting the Class 8 Treatment and substituting the following in its place:**

*Class 8 -   The claim of Mark Hebert and Cynthia Hackett-Hebert Secured by Real Estate located at 196 Elm St., Biddeford, ME*

The claim shall be paid in accordance with the terms of the July 11, 2018, post-petition loan agreement between the Debtor and claimant and all documents ancillary thereto. This $80,000.00 loan was approved by the Court on July 10, 2018, (DE # 258).

This class is not impaired.

Third, there are no other modifications to the Plan, and the terms thereof remain unchanged except as stated herein.

Dated at Biddeford, Maine this 21st, day of September 2018.

DJM Enterprises, LLC

By____/ s / Deborah J. Miles_____
    Deborah J. Miles, Member

Dated at Auburn, Maine, this 21st day of September 2018.

DJM Enterprises, LLC

/s/ Jeffrey P. White_____
Jeffrey P. White, Esq.
Jeffrey P. White and Associates, P.C.
243 Mt. Auburn Ave., S. B-1
Auburn, Maine
04210 Phone: (207)
689-2111